Sandusky v. Sidwell.

73b 491
173s 493

### Ella Sandusky v. George H. Sidwell and George T. Sidwell.

1.  PRACTICE—*Effect of a Dismissal as to One of Several Joint-Defendants.* Where two defendants are sued upon a joint obligation and the summons as to one is quashed upon a plea to the jurisdiction and the suit is dismissed as to him, it must also be dismissed as to the other defendant.

2.  SAME—*Pleas to the Jurisdiction Forms.*—Forms of two pleas to the jurisdiction of the court on the ground that the defendants were not served with process in the proper county are given in the opinion of the court.

**Debt,** for a statutory penalty. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed February 9, 1898.

PENWELL & LINDLEY, attorneys for appellant.

BURHANS & HILL, attorneys for appellees; KIMBROUGH & MEEKS, of counsel.

The second section of the Illinois Practice Act, as repeatedly construed by the Illinois Supreme Court, requires that in all personal actions where there is more than one defendant, at least one of the defendants must be an actual resident of the county where the suit is brought in order to authorize any service on any other defendant residing in another county. Hamilton v. Dewey, 22 Ill. 490; Semple v. Anderson, 4 Gil. 546; Damron v. Sweetser, 16 Ill. App. 339.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

Appellant brought an action in debt against appellees jointly, in the Circuit Court of Vermilion County, to recover by reason of certain facts set out in her declaration, which she avers entitle her to recover in debt against appellees jointly, under the provisions of Section 132 of the Illinois Criminal Code.

A summons was issued, by request of appellant, to Vermilion County, and one to Cook County; the summons to Vermilion County was returned served on appellee George H. Sidwell, appellee George T. Sidwell not found in Vermilion County; the summons to Cook County was returned served on appellee George T. Sidwell, appellee George H. Sidwell, not found in Cook County. To the declaration in this action, ap-

pellee George H. Sidwell filed his plea in abatement as follows:

"STATE OF ILLINOIS, ⎱ ss.
"County of Vermilion. ⎰

"In the Circuit Court of said county, to the May term, A. D. 1897.

"Ella Sandusky, ⎫
"v. ⎪
"George H. Sidwell, and ⎬ Gen. No. 11991.
"George T. Sidwell. ⎭

"And the said George H. Sidwell, one of the defendants in the above entitled cause, for the sole purpose of pleading to the jurisdiction of the said court, comes and says that this court ought not to have or take cognizance of the said action, because the said supposed causes of action, and each and every one of them, arose in the county of Cook in said State of Illinois, and not within the said county of Vermilion, and that the said action is not a local action, and that both he and his codefendant, George T. Sidwell, at the time said suit was begun, and at all times since, have resided in said Cook County, and not within the said county of Vermilion; that process was served on the said George T. Sidwell in said county of Cook, and not within the said county of Vermilion, and was served on this defendant while he was on a public railroad train passing through the said county of Vermilion, and not within the said county of Cook where he resides; and this the said defendant is ready to verify; wherefore he prays judgment whether this court can or will take further cognizance of this action.

"GEORGE H. SIDWELL."

"STATE OF ILLINOIS, ⎱ ss.
"County of Cook. ⎰

"George H. Sidwell, being first duly sworn, says the

foregoing plea, by him subscribed, and the statement made therein, are true.

                    "GEORGE H. SIDWELL."

"Subscribed and sworn to before me, this 17th day of May, A. D. 1897.

                    "ROBERT JEFFREY,
"[SEAL]                "Notary Public."

And appellee George T. Sidwell filed his plea in abatement as follows:

"STATE OF ILLINOIS, } ss.
"County of Vermilion. }

"In the Circuit Court of said county. To the May term, A. D. 1897.

"Ella Sandusky
        "v.
"George H. Sidwell, and } Gen. No. 11901.
"George T. Sidwell.

"And the said George T. Sidwell, one of the defendants in the above entitled cause, for the sole purpose of pleading to the jurisdiction of the said court, comes and says that this court ought not to have or take further cognizance of the said action, because the supposed cause or causes of action, and each and every one of them, arose in the county of Cook, in said State of Illinois, and not within the said county of Vermilion, and that the said action is not a local action; and that both he and his codefendant, George H. Sidwell, at the time said suit was begun, and at all times since, have resided in said county of Cook, and not within the said county of Vermilion; that process was served on the said George H. Sidwell while he was on a public railroad train, passing through the said county of Vermilion, and not within the said county of Cook, where he resides; and was served on this defendant in the said county of Cook, and not within the said county

of Vermilion; and this the said defendant is ready to verify.

"Wherefore he prays judgment, whether this court can or will take further cognizance of this action.

.  "GEORGE T. SIDWELL."

"STATE OF ILLINOIS, ⎫ ss.
"County of Cook.    ⎭

"George T. Sidwell, being first duly sworn, says that the foregoing plea, by him subscribed, and the statements therein made, are true.

"GEORGE T. SIDWELL.

"Subscribed and sworn to before me, this 17th day of May, A. D. 1897.

"(SEAL)            "ROBERT JEFFREY,
                   "Notary Public."

To each of these pleas the appellant filed a demurrer, and assigned the following special causes of demurrer:

"1.   Said plea is not properly entitled in the cause.

"2.   The term of court is not stated in the caption of said plea.

"3.   There is no allegation in said plea that said suit is not a local action.

"4.   Said plea does not deny that defendants, and each, were residents of said county at the time of commencement of said suit."

And upon hearing said demurrers, the court below overruled said demurrers, whereupon appellant stands by her demurrers. And then the court adjudged that the writs of summons herein be quashed, and this cause dismissed, and awarded costs against appellant.

Appellant excepts, and appeals to this court, assigning as errors the overruling of her demurrer to said plea in abatement of appellee, George H. Sidwell; the quashing of the writ of summons served on said George

H. Sidwell; the dismissing said suit, and rendering judgment against her for costs.

Thus by the pleadings in the court below it appears that appellant's claims, if any, were held by her against appellees jointly; and her counsel in this court concedes that the court below correctly overruled the demurrer to the plea in abatement of appellee George T. Sidwell, and dismissed him out of said suit.

Then if that action of the court below was correct, and we find it was, there was left to the court below this state of facts; that the claims sued upon by appellant were owing her, if at all, by appellees jointly, while the cause, when appellee George T. Sidwell was dismissed, was left pending against appellee, George H. Sidwell, alone. Hence the court below correctly dismissed said suit as to appellee, George H. Sidwell, also.

No nonjoinder by appellee George H. Sidwell, after appellee George T. Sidwell was properly dismissed, was necessary; because it appeared by appellant's own declaration that he was a necessary party. See Damson v. Sweetser, 16 Ill. App. 339, and cases therein cited.

Finding no error in the proceedings herein, by the court below, its judgment in this cause is affirmed. Judgment affirmed.